NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMY SCHWARZ,

               Plaintiff-Appellant,

   v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

               Defendant-Appellee.

No. 22-35792

D.C. No. 2:21-cv-01570-TLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Theresa L. Fricke, Magistrate Judge, Presiding

Argued and Submitted September 15, 2023
Seattle, Washington

Before: W. FLETCHER, R. NELSON, and COLLINS, Circuit Judges.

Plaintiff Amy Schwarz appeals the district court's judgment upholding the

Commissioner of Social Security's denial of Schwarz's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the

district court's decision de novo, and we "will disturb the denial of benefits only if

the [agency's] decision contains legal error or is not supported by substantial

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (citation omitted). We affirm.

1. The ALJ provided sufficiently "specific, clear and convincing reasons," supported by substantial evidence in the record, for discounting Schwarz's testimony regarding the severity of her headache and migraine symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citation omitted). In concluding that Schwarz's symptoms were less severe than she claimed, the ALJ reasoned that (1) because Schwarz's headaches improved with conservative treatment, the objective medical evidence did not support her claimed limitations, and (2) Schwarz's claimed limitations were inconsistent with her attestations that she was eligible for unemployment benefits during the relevant disability period. We have recognized that such considerations may supply clear and convincing reasons for rejecting a claimant's testimony, *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014), and substantial evidence supports the ALJ's conclusions.

The ALJ found that, on more than one occasion, Schwarz's migraine symptoms improved with conservative treatment. In particular, the ALJ noted that October 2020 medical records indicated that Schwarz's migraines and headaches had "reduced significantly" with postural and ergonomic changes. The ALJ also noted that December 2020 and January 2021 medical records showed

2

"improvement in headaches" after Schwarz stopped taking a medication that her doctor suspected was causing her headaches. We have held that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra*, 481 F.3d at 751 (citation omitted); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1039–40 (9th Cir. 2008) (stating that conservative treatment includes physical therapy and the use of anti-inflammatory medication).

Further, the ALJ discounted Schwarz's testimony on the ground that it was inconsistent with her attestations in seeking and receiving state unemployment benefits. The ALJ found that Schwarz "received unemployment benefits since the second quarter of 2020," during her alleged disability period. Because an applicant for unemployment benefits in Washington must attest that she is "ready, able, and willing" to work, WASH. REV. CODE § 50.20.010, the ALJ concluded that Schwarz's attestations on this score were inconsistent with her claims that she was "unable to work" due to disabling limitations, which the ALJ noted included the claim that she had "migraines once a week lasting 2 to 4 days." Given the difference in standards, it may be possible to be eligible for unemployment benefits under Washington law and, at the same time, to be disabled within the meaning of the Social Security disability criteria. However, in her opening briefs in the district court and this court, Schwarz failed to contest the ALJ's determination that her

3

attestations in seeking unemployment benefits were factually inconsistent with her claimed disabling limitations. She therefore forfeited any challenge to that determination. *See Freedom from Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1152 (9th Cir. 2018) ("[A]n appellant's failure to argue an issue in the opening brief, much less on appeal more generally, waives that issue."). That factual inconsistency provides a clear and convincing reason to discount her symptom testimony. *Ghanim*, 763 F.3d at 1165.

2. Schwarz argues that the ALJ erred in applying a single residual functional capacity ("RFC") to her entire disability period. Specifically, Schwarz contends that, even if the ALJ correctly concluded that her headaches improved in late 2020, the ALJ was obligated to determine how the headaches impacted Schwarz's functional abilities prior to that date. We reject this argument.

Schwarz asserts that, under *Smith v. Kijakazi*, 14 F.4th 1108 (9th Cir. 2021), the ALJ was required to separately assess her RFC with respect to the periods prior to when her condition improved with conservative treatment. That is wrong. In *Smith*, there was considerable record evidence that the claimant's symptoms "dramatically improved during the later years of the claimed disability period," and we therefore held that it was error to discount the symptom evidence from the earlier time periods based on evidence that "had to do only" with what the claimant "was experiencing as of the time of the hearing." *Id*. at 1111, 1113. On this

4

record, by contrast, the ALJ reasonably concluded that, because Schwarz's headaches significantly improved with conservative treatment and she attested to her ability to work, her underlying condition did not entail disabling limitations at any point during the relevant time period.

**AFFIRMED.**